UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARICLAR OSORIO,<br><br>           Plaintiff,<br>  v.<br>ROBERT WILKIE, Secretary of U.S. Department of Veterans Affairs,<br><br>           Defendant. | Case No. 2:21-cv-00056-ART-DJA<br><br>AMENDED ORDER |

On September 30, this Court ordered Counsel for Defendants to enter an appearance no later than October 14 to show cause for why this Court should not instruct the Clerk to enter an order of default against Defendant. (ECF No. 15.) Defendant did not respond, and the Court ordered the Clerk to enter default against Defendant. Because Defendant has not properly served a United States agency according to Fed. R. Civ. P. 4(i), the Court will instruct the Clerk to withdraw default and order Plaintiff to present evidence of proper service upon the United States before proceeding further with the litigation.

Under Fed. R. Civ. P. 55(c), the Court may instruct the Clerk to withdraw default upon good cause. The Court finds good cause in Plaintiff's failure to serve the United States according to Federal Rule of Civil Procedure 4(i).

This Court is responsible for ensuring that Plaintiff has adequately served Defendants. *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013). At the same time, the federal rule governing service of process, Fed. R. Civ. P. 4, is "a flexible rule that should be liberally construed." *Id.*

Federal Rule of Civil Procedure 4(i) governs service of process for agencies of the United States. Rule 4(i) instructs litigants as follows:

**(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**

**(1)** *United States.* To serve the United States, a party must:

**(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or

**(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

**(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

**(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

**(2)** *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

**(3)** *Officer or Employee Sued Individually.* To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

**(4)** *Extending Time.* The court must allow a party a reasonable time to

cure its failure to:

    **(A)** serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or

    **(B)** serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

Liberally construing Rule 4 for a *pro se* litigant, courts must extend parties reasonable time to cure failure to properly serve agencies of the United States. *See Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984); *see also* Fed. R. Civ. P. 4(i)(4).

Accordingly, the Court grants Plaintiff until Friday, December 27, 2024, to provide proof of proper service upon the Veterans Administration.

Additionally, the Court orders the Veterans Administration to enter an appearance upon actual notice of this order.

Additionally, the Court instructs the Clerk to withdraw default and strike ECF Nos. 16 and 17.

Dated this 30th day of October, 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3